2010 Ark. 31

**Frederick S. WETZEL, Appellant,**

v.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellee.**

No. 09–1410.

Supreme Court of Arkansas.

Jan. 21, 2010.

PER CURIAM.

In accordance with section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6–8 of the Rules of the Supreme Court and Court of Appeals of the state of Arkansas, Judge Richard D. Taylor of the United States Bankruptcy Court for the Eastern District of Arkansas, filed a motion and certification order with our clerk on December 30, 2009. The bankruptcy court requests that we answer one question of Arkansas law that may be determinative of a cause now pending in that court, because it appears that there is no controlling precedent in the decisions of the Arkansas Supreme Court.

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question:

Whether an affidavit of lost mortgage with a copy of the mortgage appended, or merely a copy of an admittedly lost original mortgage, separately or collectively recorded, constitutes constructive notice sufficient to defeat the claim of a bona fide purchaser under the laws of the State of Arkansas.

This per curiam order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

A. Time limits under Arkansas Supreme Court Rule 4–4 will be calculated from the date of this per curiam order accepting certification. The plaintiff in the underlying action, Frederick S. Wetzel, is designated the moving party and will be denoted as the "Petitioner," and his brief is due thirty days from the date of this per curiam; the defendant, Mortgage Electronic Registration Systems, Inc., shall be denoted as the "Respondent" and its brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondent's brief is filed.

*See* Ark. Sup.Ct. R. 4–4.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Arkansas Supreme Court Rule 4–2(a) shall be included:

(3) Point on appeal which shall correspond to the certified question of law to be answered in the federal bankruptcy court's certification order.

(4) Table of authorities.

(5) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal bankruptcy court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

*See* Ark. Sup.Ct. R. 4–2(a).

‚C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

*See* Ark. Sup.Ct. R. 5–1.

D. Arkansas Supreme Court Rule 4–6 applies to amicus curiae briefs.

*See* Ark. Sup.Ct. R. 4–6.

E. This matter will be processed as any case on appeal.

*See* Rules of the Supreme Court and Court of Appeals and Rules of Appellate Procedure–Civil.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondent.

*See* Ark. Bar Adm. R. XIV.

Certified question answered.